IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GERALD RICE,

    Plaintiff,

      v.                               Civil Action No. RDB-15-3396

MAYOR AND CITY COUNCIL OF
BALTIMORE, *et al.*,

    Defendants.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

Plaintiff Gerald Rice ("Mr. Rice" or "Plaintiff") brings this *pro se* action against Defendants Mayor and City Council of Baltimore[1] ("City"), the Baltimore Police Department ("BPD"), Officer Laurence A. Ben ("Officer Ben"), and Detective Theodore C. Anderson ("Officer Anderson") (collectively, "Defendants"), alleging various violations of his constitutional rights and state law. Specifically, Mr. Rice claims that he was wrongfully arrested and detained after an armed robbery of a Family Dollar Store.

Presently pending are Defendants Theodore Anderson and Laurence Ben's Motion to Dismiss for Failure to State a Claim, or in the Alternative, for Summary Judgment (ECF No. 16); Defendant Mayor and City Council of Baltimore's Motion to Dismiss for Failure to State a Claim (ECF No. 19); Defendant Baltimore Police Department's Motion to Dismiss for Failure to State a Claim (ECF No. 22); and Plaintiff's Motion of Opposition, for

---

[1] Plaintiff's Complaint (ECF No. 2) names "City of Baltimore" as a defendant to this action. The correct appellation, however, is "Mayor and City Council of Baltimore." The Clerk of the Court is directed to revise the docket accordingly.

Dismissal of Defendants' Motion for Removal, and for Dismissal of Complaint (ECF No. 25). The parties' submissions have been reviewed and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2014).  For the reasons that follow, Defendants Theodore Anderson and Laurence Ben's Motion to Dismiss for Failure to State a Claim, or in the Alternative, for Summary Judgment (ECF No. 16), construed as a Motion to Dismiss, is GRANTED; Defendant Mayor and City Council of Baltimore's Motion to Dismiss for Failure to State a Claim (ECF No. 19) is GRANTED; Defendant Baltimore Police Department's Motion to Dismiss for Failure to State a Claim (ECF No. 22) is GRANTED; and Plaintiff's Motion of Opposition, for Dismissal of Defendants' Motion for Removal, and for Dismissal of Complaint (ECF No. 25), construed as a Motion to Remand, is DENIED. As the United States Supreme Court clearly set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994), Mr. Rice may not collaterally attack his existing criminal conviction by filing the subject civil rights action.

## BACKGROUND

In a ruling on a motion to dismiss, this Court must accept the factual allegations in the plaintiff's complaint as true and construe those facts in the light most favorable to the plaintiffs. *See, e.g.*, *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Moreover, a *pro se* litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Yet, a plaintiff's status as *pro se* does not absolve him of the duty to plead adequately. *See Stone v. Warfield*, 184 F.R.D. 553, 555 (D.

Md. 1999) (citing *Anderson v. Univ. of Md. Sch. Of Law*, 130 F.R.D. 616, 617 (D. Md. 1989), *aff'd*, 900 F.2d 249, 1990 WL 41120 (4th Cir. 1990)).

This action arises from the November 26, 2011 armed robbery of a Family Dollar Store located at 5330 Frankford Avenue in Baltimore, Maryland. Compl. ¶ 8, ECF No. 2. Plaintiff Gerald Rice claims that he was indicted for this crime in Maryland state court, but the state charges were ultimately dismissed. *Id.* ¶¶ 23-24. He alleges that Officer Ben and Detective Anderson deprived him of his rights under the Fifth, Sixth, and Fourteenth Amendments by using false testimony to secure his arrest and subsequent detention. *Id.* ¶¶ 1, 8-15.

Yet, Mr. Rice omits from his Complaint that he was also indicted in this Court with charges stemming from the same incident.[2] *See United States v. Rice*, Crim. A. No. CCB-12-412. On September 6, 2012, Mr. Rice accepted a plea bargain in which he admitted that he robbed the Family Dollar Store in question. Defs. Anderson and Ben's Mot. to Dismiss Ex. A, 10, ECF No. 16-2 (Copy of Plea Agreement). Even further, he admitted that he "possessed and brandished a firearm in furtherance of the robbery of the Family Dollar Store . . . [.]" *Id.* Under the agreement, Plaintiff pleaded guilty to one count of Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951, and one count of Possessing

---

[2] In reviewing a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, this Court "may properly take judicial notice of matters of public record . . . [and] consider documents attached to the complaint, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing *Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir. 2004) ("[W]hen a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.'") (quoting *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999))). As such, this Court takes judicial notice of *United States v. Rice*, Crim. A. No. CCB-12-312 and its component documents, attached to Defendants Anderson and Ben's Motion to Dismiss as Exhibits A-E (ECF Nos. 16-2, 16-3, 16-4, 16-5, & 16-6). Mr. Rice does not dispute the authenticity of these documents, as they reflect matters of public record and are integral to Mr. Rice's present allegations.

and Brandishing a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. §

924(c)(1)(A)(ii). *Id.* at 1. This Court then sentenced him to the term stipulated by the plea

agreement—a period of imprisonment of 180 months. *See* Defs. Anderson and Ben's Mot.

to Dismiss Ex. B, ECF No. 16-3 (Copy of the Judgment).

Plaintiff subsequently appealed his conviction to the United States Court of Appeals

for the Fourth Circuit, seeking to withdraw his guilty plea due to his "actual innocence."

Defs. Anderson and Ben's Mot. to Dismiss Ex. C, 2-3, ECF No. 16-4 (*United States v. Rice*,

537 F. App'x 270, 271 (4th Cir. 2013) (per curiam)). The Fourth Circuit affirmed this Court's

judgment in part, and also dismissed the appeal in part. *Id.* On remand, Plaintiff moved to

vacate his conviction and sentence, arguing that he was "actually innocent" of the crimes to

which he pled guilty. Defs. Anderson and Ben's Mot. to Dismiss Ex. D, ECF No. 16-5

(Copy of Rice's Mot. to Vacate). This Court denied the Motion, remarking that Rice's "actual

innocence claims are directly contradictory to his sworn statements at his plea hearing where

he admitted that he used a handgun." Defs. Anderson and Ben's Mot. to Dismiss Ex. E, 2,

ECF No. 16-6 (Copy of Memorandum Opinion). This Court further explained that "by

[Rice's] accepting responsibility early, the government was willing to seek a sentence less

than the guidelines range and the court accepted such a sentence." *Id.* at 3. Plaintiff remains

incarcerated at the Federal Correctional Institution, Schuylkill.

Mr. Rice filed the subject action in the Circuit Court for Baltimore City, asserting

violations of his Fifth, Sixth, and Fourteenth Amendment rights.[3] *See* Compl. ¶¶ 19-27.

---

[3] Plaintiff does not specify whether his constitutional claims are asserted pursuant to 42 U.S.C. § 1983, the statutory vehicle for constitutional claims against individuals acting under color of state law. As Plaintiff is *pro se*, this Court will assume that Plaintiff intended to use Section 1983 accordingly.

Defendants timely removed the case to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. Notice of Removal, ECF No. 1. After Defendants filed their respective Motions to Dismiss (ECF Nos. 16, 19, & 22), Plaintiff filed a "Motion of Opposition, for Dismissal of Defendants' Motion for Removal, and for Dismissal of Complaint" that appears to seek remand of this case to state court.

## STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true the factual allegations contained in the complaint, the court is not so constrained when the factual allegations are conclusory or devoid of any reference to actual events. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). Moreover, a court need not accept any asserted legal conclusions drawn

from the proffered facts. *Iqbal*, 556 U.S. at 678. (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim). In the context of *pro se* litigants, however, pleadings are "to be liberally construed," and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *accord Brown v. N.C. Dept. of Corr.*, 612 F.3d 720, 724 (4th Cir. 2010).

Second, even a *pro se* complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679; *see also O'Neil v. Ponzi*, 394 F. App'x. 795, 796 (2d Cir. 2010).Although a "plaintiff need not plead the evidentiary standard for proving" her claim, she may no longer rely on the mere possibility that she could later establish her claim. *McCleary-Evans v. Maryland Department of Transportation, State Highway Administration*, 780 F.3d 582, 584 (4th Cir. 2015) (emphasis omitted) (discussing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) in light of *Twombly* and *Iqbal*).

<u>ANALYSIS</u>

## A.  Motion to Remand

As a preliminary matter, this Court will address Plaintiff's Motion to Remand this action to the Circuit Court for Baltimore City. A defendant in a state civil action may remove the case to federal court only if the federal court can exercise original jurisdiction over at least one of the asserted claims.  28 U.S.C. § 1441(a)-(c).  Federal courts have original jurisdiction over two kinds of civil actions—those which are founded on a claim or right arising under the Constitution, treaties or laws of the United States, and those where the matter in controversy exceeds $75,000 and is between citizens of different States.  U.S.

Const. art. III, § 2; 28 U.S.C. §§ 1331, 1332(a) (2006).  If a civil action is not based on a question of federal law, then a federal court may only exercise original jurisdiction based on diversity of citizenship.

Once an action is removed to federal court, the plaintiff may file a motion to remand the case to state court if jurisdiction is defective. 28 U.S.C. § 1447(c). Federal courts are obliged to carefully scrutinize challenges to jurisdictional authority, and must "do more than simply point jurisdictional traffic in the direction of state courts." *17th Street Associates, LLP v. Markel Int'l Ins. Co. Ltd.*, 373 F. Supp. 2d 584, 592 (E.D. Va. 2005).  On a motion to remand, a court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Richardson v. Phillip Morris, Inc.*, 950 F. Supp. 700, 701-02 (D.Md.1997) (citation omitted).

Mr. Rice seeks to remand this action to state court solely on the ground that this Court does not have jurisdiction over the present claims. Although Mr. Rice does not specify whether his challenge is to personal jurisdiction or subject-matter jurisdiction, the thrust of his argument is directed at this Court's subject-matter jurisdiction over the Complaint. He asserts that Defendants have failed to show "a constitutional provision" or "nexus to an Act of Congress" that would permit removal.

Yet, Plaintiff's argument ignores the express allegations of his own Complaint—the alleged violations of his rights under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. Under Article III, this Court has original jurisdiction over such claims. U.S. Const. Art. III. The requirements of 28 U.S.C. § 1441 are thus satisfied. Accordingly, Plaintiff's Motion to Remand must be denied.

**B. Motion to Dismiss**

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that an inmate may not attack his criminal conviction through a civil rights action unless he proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]"[4] Absent such proof, the plaintiff's claims are not cognizable under Section 1983. *Id.* at 487; *accord Griffin v. Baltimore Police Dept.*, --- F.3d ----, 2015 WL 6467885 (4th Cir. Oct. 27, 2015). A plaintiff must sustain this burden regardless of whether he was convicted in state court or federal court. *See Husband v. Rafferty*, 411 F. App'x 622 (4th Cir. 2011) (per curiam) (explaining that the plaintiff's civil rights claim was not cognizable as the federal conviction had not been reversed, expunged, or declared invalid).

Through this action, Mr. Rice attempts the precise collateral attack that was rejected by the Supreme Court in *Heck*. He offers no proof that his federal conviction or sentence has been expunged, reversed, or declared invalid by a higher court. In fact, he is currently incarcerated under the very sentence that he now challenges. Plaintiff thus presents no cognizable claim for relief for the alleged constitutional violations. As such, all claims are dismissed with as to all Defendants.

<u>CONCLUSION</u>

---

[4] This Court notes that Defendants assert numerous alternative arguments for dismissal of Plaintiff's claims. As Plaintiff's claims are not cognizable under *Heck*, this Court need not consider the many alternative grounds for dismissal.

For the foregoing reasons, Defendants Theodore Anderson and Laurence Ben's Motion to Dismiss for Failure to State a Claim, or in the Alternative, for Summary Judgment (ECF No. 16), construed as a Motion to Dismiss, is GRANTED; Defendant Mayor and City Council of Baltimore's Motion to Dismiss for Failure to State a Claim (ECF No. 19) is GRANTED; Defendant Baltimore Police Department's Motion to Dismiss for Failure to State a Claim (ECF No. 22) is GRANTED; and Plaintiff's Motion of Opposition, for Dismissal of Defendants' Motion for Removal, and for Dismissal of Complaint (ECF No. 25), construed as a Motion to Remand, is DENIED. As the United States Supreme Court clearly set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994), Mr. Rice may not collaterally attack his existing criminal conviction by filing the subject civil rights action.

A separate Order follows.

Dated: April 28, 2016                    _____/s/_____
                                         Richard D. Bennett
                                         United States District Judge